RENDERED: APRIL 22, 2010
NOT TO BE PUBLISHED

## Supreme Court of Kentucky

2008-SC-000920-MR

**FINAL**

**DATE** 5-13-10 Kileen Klaber D.C.

HERBERT EADES                      APPELLANT

V.

ON APPEAL FROM OHIO CIRCUIT COURT
HONORABLE RONNIE C. DORTCH, JUDGE
NO. 07-CR-00060

COMMONWEALTH OF KENTUCKY           APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**AFFIRMING**

Appellant Herbert Eades appeals his conviction for three counts of first-degree sodomy, and one count of first-degree sexual abuse. Appellant received a life sentence on each of the sodomy convictions and a sentence of five years' imprisonment for the sex abuse conviction. The court ordered that the sentences run concurrently for a total of life imprisonment. Appellant appeals to this Court as a matter of right[1] and raises two assignments of error: (1) that the trial court erred in allowing testimony suggesting prior sexual abuse of children; and (2) that the trial court erred in failing to conduct an *in camera* review of the victim's mental health records.

---

[1] Ky. Constitution § 110.

The charges against Appellant were made by J.M., a boy who was eight years old at the time of the incidents and ten years old at the time of trial. Appellant was a friend of J.M.'s family. In the summer of 2006, Appellant asked J.M.'s mother if J.M. could help him with some yard work at his house in Beaver Dam, Kentucky. J.M. stayed overnight at Appellant's house on two occasions with Appellant and Appellant's girlfriend Dana Gould.

J.M. testified that, on the second visit, he and Appellant drove to get ice cream in Appellant's truck, but Appellant first took him to a wooded area. Once there, Appellant told J.M. to put on a pair of shorts that he had in the truck, and they moved to the camper in the back of the truck. According to J.M., Appellant then removed the shorts and placed his mouth on J.M.'s penis. He then turned J.M. over and placed his tongue in J.M.'s rectum. Then, he turned J.M. back over to once again place his mouth on J.M.'s penis.

J.M. also testified that, one night when he and Appellant were alone in Appellant's living room, Appellant licked J.M.'s leg. These two incidents formed the basis for Appellant's conviction for three counts of first-degree sodomy and one count of sexual abuse. Appellant now appeals from those convictions.

## ALLEGED PRIOR BAD ACTS EVIDENCE

Prior to trial, Appellant filed a motion to suppress evidence of his prior convictions and prior bad acts. More specifically, Appellant wanted to exclude evidence of his conviction for numerous sexual offenses involving a young boy, including first-degree sodomy, in 1989. The court ruled the evidence of

Appellant's prior sexual abuse convictions inadmissible because the probative value of such evidence was substantially outweighed by the danger of undue prejudice.

At trial, when cross-examining Appellant's girlfriend Dana Gould, the Commonwealth asked about statements she had made to the investigating detective. The prosecutor asked, "Isn't it true that you told Detective Jones that you made a point not to let [Appellant] alone with children?" Gould answered yes. The Commonwealth then asked, "Is it also true that [Appellant] made a point not to be alone with children?" Gould again answered yes.

Appellant testified in his own defense, denying any abuse. On cross-examination, the prosecutor asked, "And actually you made a point yourself to stay away from eight-year-old boys, didn't you?" Appellant answered yes. The trial court permitted these questions over Appellant's objection, but did not permit any specific mention of Appellant's prior bad acts.

On appeal, Appellant contends it was error to allow these questions, because they were highly suggestive of a predisposition to sexual abuse and were merely an attempt to circumvent the prohibitions of KRE 404(b), which states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." We review a trial court's evidentiary rulings for an abuse of discretion, *Anderson v. Commonwealth*, 231 S.W.3d 117, 119 (Ky. 2007) (citing *Woodard v. Commonwealth*, 147 S.W.3d 63 (Ky. 2004)), i.e. "whether the trial

3

judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Goodyear Tire & Rubber Co. v. Thompson,* 11 S.W.3d 575, 581 (Ky. 2000) (citing *Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky. 1999)).

First, we note that not wanting to be alone with children is not illegal or immoral, and thus is not "bad acts" evidence by itself. There is no doubt that the jury could only speculate as to why Appellant was not left alone with children. However, the questions by the prosecutor were aimed more at pointing out the inconsistency of Appellant not wanting to be alone with children, and yet choosing to be alone with J.M. The questions were asked in isolation, without reference to any specific bad acts by Appellant.

And viewed in context with the prosecutor's other questions, these isolated questions were not particularly persuasive with respect to Appellant's guilt or innocence. After reviewing the complete cross-examination of Gould and Appellant, we "can say with fair assurance that the judgment was not substantially swayed" by the questions at issue. *Winstead v. Commonwealth,* 283 S.W.3d 678, 689 (Ky. 2009) (citing *Kotteakos v. United States,* 328 U.S. 750 (1946)). Therefore, the error, if any, was harmless.

## DENIAL OF MOTION FOR *IN CAMERA* REVIEW OF VICTIM'S MENTAL HEALTH RECORDS

Prior to trial, Appellant filed a motion requesting the production of, and an *in camera* review of, J.M.'s mental health records. The motion contended that J.M. was being seen by both a psychiatrist and a psychologist, and was on

4

medication. The motion also contended that J.M.'s mother had taken him to see his psychiatrist, because she had doubts as to whether J.M. was telling the truth about the alleged sexual abuse.

Appellant's motion requested the court conduct an *in camera* inspection of the mental health records for exculpatory or impeachment material. The trial court heard the motion on August 19, 2008, after the jury was selected. The trial court denied the motion, agreeing with the Commonwealth that the request was a "fishing expedition," and stating that there must be a reasonable expectation that the files would produce exculpatory evidence.

On appeal, Appellant contends that he met the preliminary showing of evidence sufficient to establish a reasonable belief that the records contain exculpatory evidence to request the court review those records.

> Only upon a preliminary showing of "evidence sufficient to establish a reasonable belief that the records contain exculpatory evidence" are a witness's psychotherapy records subject to production. And even at that point, the production is limited to an *in camera* inspection by the trial court to determine whether the records, in fact, contain exculpatory evidence, including that relevant to the witness's credibility.

*Richardson v. Commonwealth*, 161 S.W.3d 327, 329 (Ky. 2005) (quoting *Commonwealth v. Barroso*, 122 S.W.3d 554, 564 (Ky 2003)) (internal citation and footnote omitted).

> Factors a court should consider in allowing such evidence are the nature of the psychological problem, the temporal recency or remoteness of the condition, and whether the witness suffered from the condition at

5

the time of the events to which she is to testify. For example, a mental illness that causes hallucinations or delusions is generally more probative of credibility than a condition causing only depression, irritability, impulsivity, or anxiety.

*Barroso*, 122 S.W.3d at 562-63 (quoting *People v. Anderson*, 22 P.3d 347, 391 (Cal. 2001) (Kennard, J., concurring)).

Here, Appellant failed to make the preliminary showing necessary to trigger an *in camera* review of J.M.'s mental health records. Appellant's motion simply asserted that J.M.'s mother took him to a psychiatrist because she was unsure he was telling the truth. We recognize that it may be difficult for someone in Appellant's position to formulate a reasonable belief without first seeing the contents of the mental health records. However, without a preliminary showing of some articulable evidence, the inquiry is simply a "fishing expedition." Therefore, the trial court did not err in denying Appellant's motion for an *in camera* inspection of J.M.'s mental health records.

For the forgoing reasons, the judgment and sentence of the Ohio Circuit Court is hereby affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Shelly R. Fears
Assistant Public Advocate
Department of Public Advocacy
100 Fair Oaks Lane, Suite 302
Frankfort, KY 40601-1133


COUNSEL FOR APPELLEE:

Jack Conway
Attorney General

Michael John Marsch
Assistant Attorney General
Office of Criminal Appeals
Attorney General's Office
1024 Capital Center Drive
Frankfort, KY 40601